UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| SHAWN SANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:11-206-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Plaintiff Shawn Sandler is confined in the United States Penitentiary-McCreary ("USP-McCreary") in Inez, Kentucky. He has filed a *pro se* Complaint asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 [R. 2] and has paid the requisite $350.00 filing fee.

## I.

Sandler alleges that he has been denied proper medical treatment at USP-McCreary since his arrival there in November 2009. Sandler further alleges that in November 2010, he submitted an Administrative Claim Form to the Bureau of Prisons ("BOP") in which he demanded $10,000.00 in damages under the FTCA, but that the BOP has not responded to his claim. [*Id*., pp. 3-4, ¶¶ 9-10.] In this action, Sandler asserts claims for negligence, medical malpractice, and negligent infliction of emotional distress. He seeks compensatory damages of $100,000.00.

Because Sandler has not made a proper presentment of his FTCA claim to the United States and exhausted his administrative remedies, his Complaint will be dismissed without

prejudice to refile, if necessary, after he has complied with the presentment requirement of 28 U.S.C. § 2675(a) and exhausted his administrative remedies.

**II.**

**A.**

Sandler has provided the Court with a copy of the FTCA claim form dated November 1, 2010, he attempted to submit to the United States. This form reflects that he sent it to the following addressee:

> Federal Medical Center
> 3301 Leestown Medical Center
> Lexington, KY 40511-8799
> ATTN: Sharon Massey, Legal Assistant

FTCA Claim Form [R. 5].

The procedure for filing an FTCA claim is set forth in 28 C.F.R. § 543.31. That regulation provides as follows:

> **§ 543.31 Filing a claim.**
>
> (a) Who may file a claim? You may file a claim if you are the injured person or the owner of the damaged or lost property. A person acting on your behalf as an agent, executor, administrator, parent, guardian, or other representative may file a claim for you if the person provides a written statement signed by you giving that person permission to act for you. A representative may also file a claim for wrongful death. If you hire a lawyer or authorize a representative to act on your behalf, the agency will correspond only with that representative, and will not continue to correspond with you.
>
> (b) Where do I obtain a form for filing a claim? You may obtain a form from staff in the Central Office, Regional Offices, Bureau institutions, or staff training centers.
>
> (c) Where do I file the claim? You may either mail or deliver the claim to the regional office in the region where the claim occurred. If the loss or injury occurred in a specific regional office or within the geographical boundaries of the

region, you may either mail or deliver the claim to that regional office. If the loss
or injury occurred in the Central Office, you may either mail or deliver the claim
to the Office of General Counsel, Central Office. If the loss or injury occurred in
one of the training centers, you may either mail or deliver the claim to the
Associate General Counsel, Federal Law Enforcement Training Center. 28 CFR
part 503 contains information on locating Bureau of Prisons addresses.

Thus, an FTCA claim must be presented by either delivery or mailing to the BOP's regional office in the region where the claim occurred. Sandler states that he received no response to his FTCA claim. Assuming the truthfulness of that statement, the Court concludes that he received no response because he presented his claim to the Federal Medical Center in Lexington, KY, instead of to the BOP's regional office in the region where the claim occurred.[1]

Before filing a cause of action in the district court under the FTCA, a prisoner must meet the presentment requirement of 28 U.S.C. § 2675(a) by filing a Standard Form 95 or other written notification of an incident *with the regional office of the BOP in the region where the tort occurred*. 28 U.S.C. §§ 14.2, 543.31, 543.32 (emphasis added). The administrative process is completed upon the BOP's denial of the claim. 28 U.S.C. § 543.30 et seq. *See Storm v. Bureau of Prisons,* No. 4:08CV1690, 2010 WL 4628666 (N.D. Ohio, October 14, 2010); *see also Watson-El v. Wilson*, No. 08C7036, 2010 WL 3732127 (N.D. Ill. Sept. 15, 2010); *Culbertson v. Cameron*, No. 08-CV-4838, 2010 WL 1269777 (E.D. N.Y. March 30, 2010); *Conn v. U.S.*, 867 F.2d 916, 918 (6th Cir.1989).

Sandler's delivery or mailing of his FTCA claim to FMC–Lexington is, therefore, insufficient to qualify as presentment of his claim to the United States.

---

[1] USP-McCreary is located in the BOP's Mid-Atlantic Region. The BOP's Regional Office for the Mid-Atlantic Region is located at 302 Sentinel Drive, Suite 200, Annapolis, MD 20701.

**B.**

In addition to presentment, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2nd Cir. 2005). In order to exhaust an FTCA claim, a federal inmate must first file his claim with the BOP's regional office. *See* 28 C.F.R. § 543.31(c). If the inmate is dissatisfied with the regional office's response, he may submit a written request for reconsideration. *See id*. § 543.32(g). Only if the inmate is "dissatisfied with the final agency action" may he file an FTCA suit in federal court. *See id.*; *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 242 (2008). Under 28 U.S.C. § 2401(b), an FTCA action may not proceed unless the plaintiff presents his claim to the appropriate federal agency within two years of the time the claim accrued.[2]

Sandler has neither properly presented nor administratively exhausted his FTCA claim. Thus, this court presently has no subject matter jurisdiction over his FTCA claim.

**III.**

Accordingly, **IT IS ORDERED** as follows:

1. Sandler's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE** to his right to refile after he has presented his FTCA claim to the appropriate BOP regional office and exhausted his administrative remedies.

2. Judgment in favor of the named Defendant, United States of America, will be entered on the same date herewith.

---

[2]Sandler's FTCA claim concerns his medical treatment or lack thereof at USP-McCreary, where he arrived in November of 2009. Thus, his claim would have accrued in November of 2009, and he has until November of 2011 to present his FTCA claim to the appropriate federal agency.

This the 25th day of August, 2011.

 Signed By:
*Gregory F. Van Tatenhove*
United States District Judge